**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC H. MOODY, AKA Abdul Wahid, | No. 17-16058 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-02017-LHK |
| v. | |
| JIMMY CRUZEN, individually and in his official capacities as Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

California state prisoner Eric H. Moody, AKA Abdul Wahid, appeals pro se

from the district court's summary judgment for failure to exhaust administrative

remedies in his 42 U.S.C. § 1983 action related to congregational prayer.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment because Moody failed to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies, or whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (requiring proper exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)).  Moody contends that he exhausted under a "continuing violation" theory, but even if this court were to adopt such a theory, it would not apply in this case.

**AFFIRMED.**